IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM C. EDWARDS, | ) |
|     *Plaintiff*, | ) Case No. CIV-19-394-D |
| vs. | ) |
| BYRD OILFIELD SERVICES, LLC, | ) |
|     *Defendant*. | ) |

**O R D E R**

This matter comes before the Court on Defendant Byrd Oilfield Services' Motion for Summary Judgment [Doc. No. 13]. Plaintiff Adam C. Edwards, appearing *pro se*, responded [Doc. No. 23] in opposition, and Defendant replied [Doc. No. 24]. The matter is fully briefed and at issue.

### BACKGROUND

The following are undisputed facts unless otherwise noted. In May 2017, Defendant hired Plaintiff. Motion at 2 ¶ 1. On March 20, 2018, Plaintiff was involved in an off-duty motor-vehicle accident and suffered injuries to his neck and lower back. *Id.* ¶ 2. There is some dispute as to how Plaintiff's injuries were treated by medical professionals. *See* Response at 2; Reply at 1. Nevertheless, it is undisputed that Plaintiff recovered fully from his injuries. Motion at 2 ¶ 3. The accident no longer has any impact on Plaintiff's day-to-day activities. *Id.* ¶ 4. Plaintiff does not intend to seek any further medical attention as a result of the accident. *Id.* ¶ 5; *see* Response at 1 (conceding these facts as undisputed).

After taking a ten-day leave in April 2018, Plaintiff was terminated from his employment due to his failure to produce a medical release showing he was clear to return to work or "provide medical documentation showing that he needed to be off work for any particular period." Motion at 2. Plaintiff then filed his lawsuit [Doc. No. 1-2] in state court alleging Defendant had violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Defendant removed the case to federal court and filed the instant motion for summary judgment.

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[1] A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). This "applies to all proceedings involving a *pro se* litigant, including . . . summary judgment proceedings." *Id*. at 1110 n.3. The Court, however, cannot be a *pro se* litigant's advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson*, 477 U.S. at 25152.

## DISCUSSION

Defendant's argument that Plaintiff's ADA disability discrimination claim fails rests on the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To establish a prima facie case of disability discrimination, Plaintiff "must show that, at the time he was fired, (1) he was a disabled person as defined by the ADA; (2) he was qualified, with or without reasonable accommodation, to perform the essential functions of his job; and (3) he was fired because of his disability." *See Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir. 2011); *accord Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 883 (10th Cir. 2015).

Therefore, an essential element of Plaintiff's claim is proof that Plaintiff was an individual with an actual "disability" as defined by 42 U.S.C. § 12102(1)(A) at the time of his termination.[2]

To be covered under the ADA, Plaintiff must: (1) have a recognized impairment; (2) identify one or more appropriate major life activities; and (3) show the impairment substantially limits one or more of those activities. *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014); *see* 42 U.S.C. § 12102.

---

[2] The Court finds Plaintiff's theory of liability in this case rests solely on this definition; he does not claim protection under § 12102(1)(B) and (C) for persons having a "record of" or "being regarded as" disabled.

The parties' arguments center on whether Plaintiff's injuries "substantially limited" his ability to work, such that he qualified for protection under the law. Plaintiff argues that the term "disability" should be construed "in favor of broad coverage of individuals." Motion at 4. Plaintiff moves the Court to focus not on the "severity of the disability" but rather on the effect the "disability will have on any of the disabled person's day-to-day activities." *Id*. at 3. Defendant argues that transient impairments do not qualify as disabilities under the ADA. Motion at 7.

According to the Tenth Circuit, the factors relevant to the question at hand include: "(i) The nature and severity of the impairment; (ii) [t]he duration or expected duration of the impairment; and (iii) [t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *Aldrich v. Boeing Co.,* 146 F.3d 1265, 1269–70 (10th Cir. 1998) (citing 29 C.F.R. § 1630.2(j)(2)). Although "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities," 29 C.F.R. pt. 1630 app., § 1630.2(j), "an impairment does not necessarily have to be permanent to rise to the level of a disability." *Aldrich*, 146 F.3d at 1270.

Plaintiff's medical records indicate that in April 2018, he suffered from moderate pain. *See* Medical Records [Doc. No. 23-5] at 5. Plaintiff's medical records also indicate he sustained injuries causing a range of motion restriction, muscle spasms, muscle strains, and a sprain of his left knee. *See id* at 5–6. The record indicates Plaintiff was to limit "excessive standing, sitting, twisting, bending, or stooping," and was not to lift anything over ten pounds. *Id*. at 6. Plaintiff's deposition testimony indicates that although he has

fully recovered, he was hindered by the accident's consequences six months after it took place. *See* Edwards Depo. [Doc. No. 13-2] at 6 ("No. I was—it was—probably six months [after the accident that he was no longer affected]."). Defendant takes the position that because Plaintiff is no longer affected by the accident's consequences, he does not qualify for coverage under the ADA. The law, however, indicates the Court must consider whether Plaintiff was disabled at the time of termination. *See Carter,* 662 F.3d at 1147 (noting that the time of termination "is the relevant time for purposes of the ADA").

Nevertheless, the facts are insufficient to create an issue for trial. Ultimately, a person is not substantially limited under the ADA "simply because [an employer] believes that individual is incapable of performing a particular job." *Sutton v. United Airlines, Inc.,* 130 F.3d 893, 904 (10th Cir. 1997); *accord Rebarchek v. Farmers Co-op. Elevator & Mercantile Ass'n*, 60 F. Supp. 2d 1145, 1153 (D. Kan. 1999), aff'd, 202 F.3d 282 (10th Cir. 2000) (employee whose doctor indicated "no lifting of more than forty pounds, no bending or twisting of the back more than halfway, no climbing ladders, and no sitting, standing, or walking more than two hours at a time" after back surgery was not disabled under the ADA).

Plaintiff sustained temporary, transient injuries from which he fully recovered within six months. Generally, such short-term physical limitations and work restrictions are insufficient to qualify as a disability under the ADA. *Prathan v. Autoliv ASP, Inc.*, 117 F. App'x 650, 651 (10th Cir. 2004) (noting that a plaintiff was not disabled where there was no medical evidence in the record that the plaintiff's disability "was anything other than temporary"). District courts in the Tenth Circuit have repeatedly held that temporary

5

impairments due to an injury, including recuperation from medical treatment, are not a disability under the law. *See Morgan v. Goodwill Indus. of Denver, Inc.*, No. 12-CV-00274-WYD-CBS, 2013 WL 6728777, at *5 (D. Colo. Dec. 20, 2013) (Plaintiff's "temporary physical limitations and work restrictions due to her ACL surgery and rehabilitation" did not constitute a disability under the ADA) (collecting cases). Plaintiff's claim is indistinguishable from those rejected by both binding and persuasive case law.

Therefore, Plaintiff has failed to establish he had a "disability" as defined by 42 U.S.C. § 12102(1)(A) at the time of his termination.

## CONCLUSION

Because Plaintiff cannot establish one of the essential elements of his claim of disability discrimination, his claim fails as a matter of law.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 13] is GRANTED. A separate judgment will be entered accordingly.

**IT IS SO ORDERED** this 4th day of May, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge